FLYNN HARPER et al. v. STATE.

No. A-4340.    Opinion Filed Sept. 9, 1924.

(228 Pac. 613.)

(Syllabus.)

**Intoxicating Liquors—Circumstantial Evidence Insufficient to Sustain Conviction for Unlawful Transportation.** In a prosecution for conveying intoxicating liquor, evidence considered, and held insufficient to sustain the verdict and judgments of conviction appealed from.

Appeal from County Court, Harper County; A. H. Walker, Judge.

Flynn Harper and others were convicted of a violation of the prohibitory liquor law, and Harper and Collier appeal. Reversed.

B. F. Willett, M. A. Holcomb, and J. L. Griffits, for plaintiffs in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charges that defendants, Arthur Almandinger, Flynn Harper, and Dae Collier did on or about the 26th day of October, 1921, unlawfully "convey certain intoxicating liquor, to wit, about three quarts of whisky, from a point on the northwest quarter of section 13, township 27 north, of range 23 W. I. M., to a point in the middle of the road on the north side of said quarter section, a distance of about 60 feet." Upon the trial they were found guilty, and the punishment of each fixed at a fine of $50 and confinement in the county jail for 30 days.

It appears that defendant Almandinger paid his fine and served his time. The defendants Harper and Collier have appealed from the judgments rendered against them, and among other errors assign that the evidence is insufficient to support the verdict against them.

The evidence shows that F. L. Gall, undersheriff, had noticed a jug of whisky concealed in the grass and weeds inside the fence by the roadside, 2 or 3 miles southeast of Buffalo, and he and Shorm Cockrell, sheriff, secreted themselves near by. Gall testified that the three defendants drove up on the hill near the corner, stopped and looked both ways; that they then drove down and stopped the car near where the jug was hidden; that Flynn Harper was driving the car and Almandinger and Collier were riding in the back seat; that when the car stopped Almandinger jumped out and walked straight to where the jug was, near the fence; that he picked up the jug and carried it to the car; that just then witness and the sheriff jumped up and ran to the car, and commanded the defendants to throw up their hands; that defendant Collier started to pick up a 22 rifle which was in the car, and witnesses fired one shot through the car; that defendant Almandinger, when he saw the officers, grabbed the jug and threw it over the side of the car. The testimony of the sheriff is substantially the same as that of the undersheriff.

The defendants each testified, and explained their actions by saying that there was some sort of wager as to which one of them was the best target shooter, and they went out to the country to find a place to shoot this 22 rifle they had with them; that they stopped at the cossroads at the top of the hill, arguing which way to go, and then drove down the road to the point they were arrested; that defendant Collier fired one shot, which entered a post, which fact is undisputed. Defendant Almandinger testified:

"When we got in the bottom of the draw, I said to Collier: 'This is a pretty good place to shoot. I see a knot in that post over there that I am going to shoot at.' I looked around and saw a jug over there in the grass. I got out, and walked over there and got it, and started to put it in the car, and Flynn Harper said: 'Don't put that in the car, for

we don't know what is in it.' Just about that time the law came up; I mean, the officers.''

It is contended for appellants that the case as to the defendants Harper and Collier should have been taken from the jury on the ground that there is no evidence that these two defendants conveyed intoxicating liquor as charged. Under the facts disclosed in evidence, it is clear that the conviction of these two defendants cannot be sustained. The only circumstance in evidence in any way tending to connect these defendants with the conveyance charged is their presence in the car when their codefendant Almandinger left the car and returned in their presence with the jug of whisky. It is undisputed that the defendant Almandinger conveyed the jug from the fence by the roadside to the car, but there was no evidence tending to show that he was acting under their direction.

It is a rule in this state, that, where a conviction is sought upon circumstantial evidence alone, the circumstances proved must not only be consistent with each other and with the hypothesis of the defendant's guilt, but inconsistent with any rational hypothesis other than his guilt. Under this rule the evidence connecting these defendants with the offense charged is wholly insufficient to support the verdict as to them, and for this reason the judgments herein appealed from are reversed.

MATSON, P. J., and BESSEY, J., concur.